IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DVISION

| | | |
|---|---|---|
| TELADOC, INC., TELADOC PHYSICIANS, P.A., KYON HOOD, AND EMMETTE A. CLARK<br>*Plaintiffs,*<br><br>v.<br><br>TEXAS MEDICAL BOARD, MICHAEL ARAMBULA, JULIE K. ATTERBURY, MANUEL G. GUAJARDO, JOHN R. GUERRA, J. SCOTT HOLLIDAY, MARAGERT C. McNEESE, ALLAN N. SHULKIN, ROBERT B. SIMONSON, WYNNE M. SNOOTS, PAULETTE B. SOUTHARD, KARL W. SWANN, SURENDA K. VARMA, STANLEY S. WANG, AND GEORGE WILLEFOR III, Individually and in their capacities as members of the Texas Medical Board<br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 1:15-CV-343 |

**BRIEF OF TEXAS NURSE PRACTITIONERS AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**

Comes Now, Texas Nurse Practitioners and hereby submits to the Court its brief amicus curiae in support of Plaintiffs' Application for a Preliminary Injunction and would show the Court as follows:

I.

Texas Nurse Practitioners ("TNP") is an Association representing the needs of **14,000** nurse practitioners across the state of Texas. Its purposes are to advance, support and promote the role of nurse practitioners and to promote accessible and quality health care provided by nurse practitioners. A "nurse practitioner" in Texas is a registered nurse who has advanced education

and clinical training in a health care specialty. Nurse practitioners serve as primary health care providers for children and adults, and can perform a multitude of service including but not limited to: physical examinations; ordering and interpreting laboratory and diagnostic studies; family planning; health risk evaluation; psychological counseling; and coordination of health care services and health education, just to name a few. Nurse practitioners also function in specialty roles providing mental health services. Nurse practitioners have prescriptive authority through written agreements with a collaborating physician.

Although TNP does not subscribe to Teladoc services, the revisions to Texas Administrative Code § 190.8(1)(L) ("New Rule 190.8"), which the Texas Medical Board voted to adopt, will have repercussions for TNP. Currently, Nurse Practitioners can provide telehealth services so long as they are acting under physician delegation and supervision. The New Rule 190.8 requires that the patients establish a physician/patient relationship by way of a face-to-face physical examination which would prohibit nurse practitioners from providing Telehealth services.

Texas currently ranks 42nd nationally in the ratio of physicians per population and 47th in the ratio of primary care physicians. In rural areas, the primary care shortage is even worse: 185 of our state's 254 counties are medically underserved with as many as 209 counties being wholly or partially medically underserved. TMB's amended rule, apparently promulgated against Teladoc, effects Texas nurse practitioners in several critical ways. Currently, Texas nurse practitioners provide care to Texans in a variety of settings, including citizens in the 254 medically underserved counties. Teladoc and Texas nurse practitioners are often the only healthcare available in many of these areas. Texas nurse practitioners provide care to patients pursuant to a supervising physician delegating authority to them for the performance of medical services. Nurse practitioners nationwide, as well as those in Texas, have extended education and training and pass both a

national exam and state licensing requirements. Years of data collection support that they perform safely, with high levels of patient satisfaction, and very cost effectively. Texas nurse practitioners traditionally have been permitted to provide delegated patient care without the supervising physician first being required to conduct a face to face physical exam of the patient. New Rule 190.8's would prevent licensed physicians from providing care themselves without face-to-face physical exam is inconsistent with not requiring physicians to do the same before delegating patient care delivery to a nurse practitioner. New Rule 190.8 also appears to prevent coverage being provided by one physician for another physician's patients while allowing coverage to be provided by a nurse practitioner for another nurse practitioner's patients. New Rule 190.8, though apparently directed at Plaintiff Teladoc, leaves much confusion concerning the practice of Texas nurse practitioners. A likely consequence of New Rule 190.8 is that physicians will be required to conduct an initial face-to-face exam as a prerequisite of care by the nurse practitioner and that Texas nurse practitioners, likewise, may no longer "take call," provide coverage, for patients.

II.

A plaintiff seeking a preliminary injunction must establish that the preliminary injunction will not disserve the public interest. *See e.g., Ridgely v. Fed. Emergency Mgmt. Agency,* 512 F.3d 727, 734 (5th Cir. 2008). To the contrary, in the present case, the preliminary injunction sought by Plaintiffs serves the interests of the public, and maintains the status quo.

Defendant TMB has a history of restraining the practice of nurse practitioners in the same vein as it has waged war against Plaintiff Teladoc – a practice directed at protecting turf rather than protecting patient safety or access to care. Teladoc has a proven record of patient safety and patient satisfaction, akin to that of care provided by nurse practitioners. TMB must not be permitted to deny the citizens of Texas the opportunity to choose between competent, proven, safe healthcare

providers, be they the provider Plaintiff Teladoc or a Texas nurse practitioner. TMB's Rule 190.8 limits competition, increases health care costs, and denies care to vulnerable members of our state who can not show up at a doctor's office due to physician shortage, travel time, costs, or physical or psychiatric disability. It is clear New Rule 190.8 is not good for Teladoc, or Texas nurse practitioners, but it is also not good for Texans.

The New Rule 190.8 especially imposes an undue burden on home-bound patients and those who do not have access to basic care in small towns and rural Texas. Lastly, the New Rule 190.8 will increase health care costs by limiting competition.

It is also expected that the New Rule 190.8 will affect TNP negatively because it will diminish access to health care and cause delay in treatment or prevent treatment, due to increased costs for doctor visits and the unavailability of alternative means of access to doctors and nurse practitioners. The new requirements will prevent nurse practitioners from being able to provide coverage to patients, thereby limiting the public's access to treatment.

Generally speaking, the courts have recognized the significant public interest in protecting citizens' access to health care. *See e.g.*, *Managed Pharm. Care v. Jolly,* 603 F.Supp.2d 1230 (C.D. Cal. 2009) (granting preliminary injunction to prevent enforcement of newly enacted Assembly Bill 1183 affecting Cal. Welf. & Inst. Code§ 14105.0191(b)(3) which would have reduced by five percent payments to pharmacies for prescription drugs provided under the Medi-Call fee-for-service program) ("[T]here is also a public interest in ensuring access to health care."); *Int'l Res., Inc. v. NY. Life Ins. Co.,* 950 F.2d 294, 302 (6th Cir. 1991) (granting a preliminary injunction compelling New York Life to continue making payments under the disputed coverage of a group health insurance policy); *Indep. Living Ctr. of* S. *Cal., Inc. v. Maxwell-Jolly,* 572 F.3d 644, 659 (9th Cir. 2009), *vacated and remanded on other grounds,* 132 S. Ct. 1204, 182 (2012) (holding

that "there is a robust public interest in safeguarding access to health care for those eligible for Medicaid, whom Congress has recognized as 'the most needy in the country.'") The effect of implementing New Rule 190.8 is that the public will have significantly decreased access to healthcare.

For the foregoing reasons, Amicus Texas Nurse Practitioners respectfully requests that the Court grant Plaintiffs' application for preliminary injunction, enjoining New Rule 190.8 from taking effect and maintaining the status quo pending the final resolution of the claims brought by Plaintiffs in this action.

Respectfully submitted,

_____
Randy Howry
State Bar No. 10121690

1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

*Attorneys for Amicus Texas Nurse Practitioners*

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2015, a true and correct copy of this document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure by electronic service through the Court's CM/ECF system in compliance with Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).

_____
Randy Howry