NO. 1:15-cv-00343-RP

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

TELADOC, INC., TELADOC
PHYSICIANS, P.A., KYON HOOD, and
EMMETTE A. CLARK,
                       *Plaintiffs*

v.

TEXAS MEDICAL BOARD, MICHAEL ARAMBULA, JULIE K. ATTEBURY, MANUEL G. GUAJARDO, JOHN R. GUERRA, J. SCOTT HOLLIDAY, MARGARET C. MCNEESE, ALLAN N. SHULKIN, ROBERT B. SIMONSON, WYNNE M. SNOOTS, PAULETTE B. SOUTHARD, KARL W. SWANN, SURENDA K. VARMA, STANLEY S. WANG, and GEORGE WILLEFORD III, individually and in their capacities as members of the Texas Medical Board,

                       *Defendants,*

**BRIEF OF AMICI CURIAE TEXAS NEURODIAGNOSTIC ASSOCIATES, INC. AND WILLIAM L. HIGH, M.D., PH.D. IN SUPPORT OF PLAINTIFFS**

                       George J. Mallios
                       **MALLIOS & ASSOCIATES, P.C.**
                       3736 Bee Cave Road, # 1-182
                       Austin, TX  78746
                       Telephone:  (512) 499-8000
                       Facsimile:  (512) 499-8760

                       **ATTORNEY FOR AMICI CURIAE**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judge of this Court may evaluate possible disqualification or recusal:

1. Plaintiffs are Teladoc, Inc., Teladoc Physicians, P.A., Kyon Hood, M.D., and Emmette A. Clark, M.D. Plaintiffs are represented by:

> James Matthew Dow
> Dudley McCalla
> JACKSON WALKER L.L.P.
> 100 Congress Avenue, Suite 1100
> Austin, Texas 78701
> (512) 236-2000 (Telephone)
> (512) 236-2002 (Facsimile)
>
> George S. Cary
> Leah Brannon
> Drew Navikas
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> 2000 Pennsylvania Avenue, NW
> Washington, DC 20006
> (202) 974-1500 (Telephone)
> (202) 974-1999 (Facsimile)

2. Defendants are the Texas Medical Board, Michael Arambula, Julie K. Attebury, Manuel G. Guajardo, John R. Guerra, J. Scott Holliday, Margaret C. McNeese, Allan N. Shulkin, Robert B. Simonson, Wynne M. Snoots, Paulette B. Southard, Karl W. Swann, Surenda K. Varma, Stanley S. Wang, and George Willeford III, individually and in their capacities as members of the Texas Medical Board. Defendants are represented by:

> James C. Todd
> Assistant Attorney General
> Ken Paxton
> Attorney General of Texas
> Charles E. Roy

First Assistant Attorney General
James E. Davis
Deputy Attorney General for Civil Litigation
Angela V. Colmenero
Division Chief
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; (512) 320-0667 FAX

3.     Amici Curiae are:

    a. Texas Neurodiagnostic Associates, Inc. and William L. High, M.D.,

Ph.D., who are represented by:

MALLIOS & ASSOCIATES, P.C.
George J. Mallios
3736 Bee Cave Road, # 1-182
Austin, TX  78746
Telephone:  (512) 499-8000
Facsimile:  (512) 499-8760
jim@malliospi.com

    b. TDIndustries, which is represented by:

Thomas A. Nesbitt
Scott F. DeShazo
Rachel L. Noffke
DESHAZO & NESBITT, L.L.P.
809 West Avenue
Austin, Texas 78701
(512) 617-5560
(512) 617-5563 Fax

    c. New Benefits, Ltd., which is represented by:

MAYER BROWN LLP
700 Louisiana St. # 3400

Houston, TX 77002
(713) 238- 3000
(713) 238-4888 Fax
Philip Recht
Andrew T. Kugler

MAYER BROWN LLP
350 South Grand Avenue – 25th floor
Los Angeles, CA 90071-1503
(213) 621-9462
(213) 576-8126 Fax

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ........................................................................ ii

TABLE OF CONTENTS ................................................................................................................v

TABLE OF AUTHERITIES ........................................................................................................vi

STATEMENT OF THE ISSUE ......................................................................................................1

INTEREST OF AMICUS CURIAE ...............................................................................................1

INTRODUCTION ..........................................................................................................................2

ARGUMENT ..................................................................................................................................3

  I. Implementation of Proposed Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Business and Revenue of Texas Neurodiagnostic Associates, Inc. and William L. High, M.D., Ph.D.. .................................................3

  II. Implementation of ProposedTexas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Number of Persons Employed by Texas Neurodiagnostic Associates, Inc. .......................................................................................................5

  III. Implementation of Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Billing of William L. High, M.D., Ph.D. .........................................................5

  IV. Remote Diagnostic Services Compliant with the New TMB Rules will be Substantially More Expensive, Increase Out-of-Pocket Expenses for Patients, and Reduce Healthcare Access to Rural Patients. ....................................7

CONCLUSION ...............................................................................................................................7

CERTIFICATE OF SERVICE .......................................................................................................9

# TABLE OF AUTHORITIES

## Texas Administrative Regulations

22 T.A.C. §190.8…………….........................................................................................3, 4, 5, 6

22 T.A.C. §§174.2..........................................................................................................3, 4, 5, 6

22 T.A.C. §§174.6..........................................................................................................3, 4, 5, 6

22 T.A.C. §§174.8 .........................................................................................................3, 4, 5, 6

## Texas Medical Board Administrative Ruling Orders

TMB File #09-3361 ..............................................................................................................1, 3, 6

TMB Remedial Plan #12-442 .............................................................................................1, 3, 6

## STATEMENT OF THE ISSUE

The issue in this case is whether the proposed TMB Rule relating to telemedicine adversely affects the cost and provision of health care to Texans.

## INTEREST OF AMICUS CURIAE

Texas Neurodiagnostic Associates, Inc. (TNA) is a Texas incorporated health related company, located at 12337 Jones Rd., # 427, Houston, TX 77070, providing remote or off-site electrodiagnostic testing to patients mostly within Texas. TNA has professional services agreements with neurologists within the State of Texas to provide remote off-site electrodiagnostic tests to Texans and some out-of-state patients of physicians. TNA operates under a standard of care provided by the Texas Medical Board to Board Certified Neurologists with whom it works under Texas Medical Board (TMB) directives.  (TMB File #09-3361 and TMB Remedial Plan #12-442).

William L. High, M.D., Ph.D. (Dr. High) is a Board Certified Neurologist, located at 2910 Fannin St., Suite B, Beaumont, Texas 77701 who performs off-site neurodiagnostic testing through EMGs and other electrodiagnostic tests using the standard of care which includes, but is not limited to, the following:

a)  Monitoring EMGs in real time through telemonitoring;
b)  Ability to communicate with technician's office by way of cell phones, computer keyboarding, and microphone;
c)  Ability to instruct the technician on needle adjustments by way of above stated means of communication; and

    d) Using technicians who are certified or have passed the American Association of Electrodiagnostic Technologists (AAET) certification test.

*Id.*

## INTRODUCTION

TNA provides technical services for remote electrodiagnostic testing through electromyography (EMG's) in Texas. Dr. High is a Board Certified Neurologist who interprets these off-site telemedicine tests monitored in real time by the doctor. The proposed new TMB Rules create a "face-to-face" component to telemedicine not required until these new rules become effective June 3, 2015. TNA and Dr. High will lose approximately 40 percent of their billings due to these new requirements, because the new requirements will increase the cost of this off-site electrodiagnostic testing and prevent TNA from expanding its business. Not only will income be lost but also employees will need to be terminated due to the decreased revenue. Since TNA provides 60 percent of its EMG's to rural areas of the state, health care will likely become costlier to rural residents and may deny some patients care altogether. The current rules under which TNA and Dr. High operate is more than sufficient to ensure adequate real time monitoring of EMG sticks through the use of tested telemedicine technology through technicians certified by appropriate national certification bureaus such as the American Association of Electrodiagnostic Technologists (AAET).

# ARGUMENT

**I.     Implementation of Proposed Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Business and Revenue of Texas Neurodiagnostic Associates, Inc. and William L. High, M.D., Ph.D.**

The New Rules proposed by the Texas Medical Board require a "face-to-face" meeting between a patient and a physician. (New Rule 190.8(1)(L)(i)(II)(c); New Rule 174.8(a)(2))  This is contrary to the previous rule of the TMB in File No. 09-3361 and Remedial Plan 12-442 under which TNA and Dr. High have operated that require:

a) Monitoring EMGs in real time through telemonitoring;
b) Ability to communicate with technician's office by way of cell phones, computer keyboarding, and microphone;
c) Ability to instruct the technician on needle adjustments by way of above stated means of communication; and
d) Using technicians who are certified or have passed the American Association of Electrodiagnostic Technologists (AAET) certification test.

*Id.*

Based on these previous rulings, TNA and Dr. High provide 200 or more remote EMGs per month to mostly rural Texans throughout the state. By eliminating forty percent (40%) or more of the Movants' fifteen million dollar per year ($15,000,000/year) of billings in 2014, enforcement of this rule on June 3, 2015 will create an irreparable economic harm to them.

The newly adopted rules of the Texas Medical Board restrict the EMG and

other remote off-site services that can be provided by TNA. The new Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) now provides that the required physician-patient relationship must include, at a minimum (among other listed requirements), "physical examination that must be performed by either a face-to-face visit or in-person evaluation as defined in §174.2(3) and (4) of this title (relating to Definitions)." 22 T.A.C. §190.8 (1)(L)(i)(II)(c). Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) of Chapter 174, which governs telemedicine, also incorporate this "face-to-face" or "in-person" requirement. The net effect of these New Rules is to prohibit the remote off-site physician monitored provision of these services, which may currently be provided without the newly mandated "face-to-face" or "in-person" component.

TNA and Dr. High would like to expand their electrodiagnostic testing business. However, the proposed rules prevent their expansion by legally preventing the off-site testing without a "face-to-face" visit. The proposed rules will require a doctor visit by a qualified physician which the doctor now provides through telemedicine making the proposed rule cost an additional $100.00 - $200.00 per procedure for medical bills. Based on 200 EMGs per month, Texans who used to obtain diagnostic testing through TNA and Dr. High will pay another $20,000.00 - $40,000.00 per month for additional healthcare. Moreover, rural Texans (approximately 60 percent of the EMGs performed by TNA and Dr. High)

will now have the additional expense of travelling to areas where board certified neurologists office to obtain the same results they can obtain using telemedicine placing TNA and Dr. High in an unfair position competitively. This resultant loss of such a large percentage of its business and revenue may cause TNA to cease to operate.

II. **Implementation of Proposed Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C. §§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Number of Persons Employed by Texas Neurodiagnostic Associates, Inc.**

As discussed in Argument section I., above, the New Rules would prohibit TNA from providing off-site EMG services. Because such EMG services provide such a large percentage of the business and revenue of TNA, losing the ability to perform these services would mandate that TNA drastically reduce its workforce. TNA currently employs 22 people. The attendant loss of business and revenue caused by implementation and enforcement of the New Rules by the Texas Medical Board would force TNA to lay off forty percent (40%) of its workforce, resulting in at least eight (8) people losing their jobs and sources of income. There remains the distinct possibility that all of TNA's employees would lose their positions and livelihood should TNA be forced to cease operations because of the substantial loss of business that the New Rules would cause.

III. **Implementation of Texas Medical Board Rule 190.8 (22 T.A.C. §190.8) and Texas Medical Board Rules 174.2, 174.6 and 174.8 (22 T.A.C.**

**§§174.2, 174.6 and 174.8) will Cause a Forty Percent (40%) Reduction in the Billing of William L. High, M.D., Ph.D.**

Exhibits 1 and 2 (TMB Rulings File No. 09-3361 and Remedial Plan 12-442, respectively) to the Movant's Motion for Leave to file an Amicus Brief consist of rulings obtained on behalf of Charles D. Marable, M.D., a board certified neurologist who worked under a Professional Services Agreement with TNA. Dr. Marable died in May 2014, but Exhibits 1 and 2 established a codified standard of care for remote off-site neurodiagnostic testing utilized by TNA. This standard of care is universally accepted by many nationally accredited neurodiagnostic technician groups. Compliance with this standard of care is required by Medicare for purposes of reimbursing the technical and professional components of the remote off-site testing.

William L. High, M.D., Ph.D. is a Licensed Texas Physician who has partnered with TNA through one of its Professional Service Agreements. He is also a board certified neurologist. He associates with TNA on many of its remote off-site neurodiagnostic procedures. Like TNA, a large portion of his practice (approximately 40 percent) consists of providing remote EMG services to patients at off-site locations. He provides the physician portion of the total service required to successfully complete an EMG. These off-site services provided through tested telemedicine technology to patients in rural areas are difficult for patients to obtain when the population center is insufficient to support a board certified neurologist.

Dr. High believes the proposed TMB rules will diminish services to rural Texans and increase their costs.

## IV. Remote Diagnostic Services Compliant with the New TMB Rules will be Substantially More Expensive, Increase Out-of-Pocket Expenses for Patients, and Reduce Healthcare Access to Rural Patients.

TNA provides technical services for off-site EMGs to almost 120 patients per month from areas having little or no access to board certified neurologists. These approximately 1,440 patients come from rural counties such as Webb, Dummitt, Duval, Menard, Palo Pinto, San Saba, Llano, Loving, Hudspeth, Presidio, Pecos, and other rural areas too numerous to count. If the proposed TMB Rule becomes effective on June 3, 2015, rural Texans will have their ability to receive off-site neurodiagnostic testing completely cut off or severely restricted. An elderly person living in Ballinger, Texas may find it difficult to travel the eighty (80) mile round trip to San Angelo to obtain electrodiagnostic testing which could be provided in his or her hometown of Ballinger through tested telemedicine technology. As the Texas population becomes older, Texans need to rely upon telemedicine technology to prevent lengthy trips associated with higher out-of-pocket insurance costs and additional doctor bills when rules, such as those proposed by the TMB, require a redundant and, therefore, costlier medical visit.

## CONCLUSION

For the foregoing reasons, the Court should grant the relief sought by Amici

Curiae herein.

                          Respectfully submitted,

                          **MALLIOS & ASSOCIATES, P.C.**

                          George J. Mallios
                          3736 Bee Cave Road, # 1-182
                          Austin, TX  78746
                          Telephone:  (512) 499-8000
                          Facsimile:  (512) 499-8760
                          jim@malliospi.com


                          By:   /s/ George J. Mallios
                              George J. Mallios
                              State Bar No. 1286745
                              **ATTORNEY FOR AMICI CURIAE TEXAS NEURODIAGNOSTIC ASSOCIATES, INC. AND WILLIAM L. HIGH, M.D., PH.D.**

# CERTIFICATE OF SERVICE

This is to certify that on this 20th day of May, 2015, a true and correct copy of the foregoing instrument was electronically filed by the Court's ECF system, and a true and correct copy was delivered ECF service to all counsel of record as follows:

James C. Todd
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; (512) 320-0667 FAX
Ken Paxton
Attorney General of Texas
Charles E. Roy
First Assistant Attorney General
James E. Davis
Deputy Attorney General for Civil Litigation
Angela V. Colmenero
Division Chief
James C. Todd
Assistant Attorney General
Jim.Todd@texasattorneygeneral.gov
TBN 20094700
*ATTORNEYS FOR DEFENDANTS*

James Matthew Dow
Dudley McCalla
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 (Telephone)
(512) 236-2002 (Facsimile)
*ATTORNEYS FOR PLAINTIFFS*

George S. Cary
Leah Brannon
Drew Navikas
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500 (Telephone)
(202) 974-1999 (Facsimile)
*ATTORNEYS FOR PLAINTIFFS*

Thomas A. Nesbitt
Scott f. DeShazo
Rachel L. Noffke
DESHAZO & NESBITT, L.L.P.
809 West Avenue
Austin, Texas 78701
(512) 617-5560
(512) 617-5563 Fax
*ATTORNEYS FOR AMICUS*
*TDINDUSTRIES*

Charles S. Kelly
MAYER BROWN LLP
700 Louisiana St. # 3400
Houston, TX 77002
(713) 238- 3000
(713) 238-4888 Fax

Philip Recht
Andrew T. Kugler
MAYER BROWN LLP
350 South Grand Avenue – 25th floor
Los Angeles, CA 90071-1503
(213) 621-9462
(213) 576-8126 Fax
*ATTORNEYS FOR AMICUS*
*NEW BENEFITS, LTD.*

                                                 /s/ George J. Mallios
                                                  George J. Mallios