IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TELADOC, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:15-CV-343-RP |
| | § | |
| TEXAS MEDICAL BOARD, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion to Certify Order for Appeal (Dkt. 90), Plaintiffs'
response, and Defendants' reply. After reviewing these filings, the relevant law, and the record in the
case, the Court issues the following order.

## I. BACKGROUND

Plaintiffs Teladoc, Inc., Teladoc Physicians, P.A., Kyon Hood, M.D., and Emmette Clark,
M.D. (collectively "Plaintiffs") brought this action against the Texas Medical Board and fourteen of
its members in their official capacity (collectively "Defendants"). Teladoc, Inc., through physicians
like Dr. Hood and Dr. Clark, provides telephone consultations to individual patients. Based on
medical records and history, reported symptoms, and other information the physicians elicit during
the consultation, the physician dispenses medical advice, including referring the registrant to a
physician's office, dentist, or emergency room, and in some cases, prescribing medications. After
engaging in formal rulemaking, the Texas Medical Board made some of Plaintiffs' practices unlawful
by voting for and adopting a rule that requires a face-to-face visit before a physician can issue a
prescription to a patient, regardless of medical necessity.

Plaintiffs filed suit on April 29, 2015 arguing that Defendants committed violations of
antitrust law and the Commerce Clause of the Constitution. Defendants filed a motion to dismiss on

July 30, 2015 arguing that they are immune from antitrust liability, that Plaintiffs' claims were barred by the statute of limitations, and that Plaintiffs have failed to state a claim under the Commerce Clause. On December 14, 2015, this Court denied Defendants' motion to dismiss on each of these grounds. Defendants appealed this Court's order denying their motion to dismiss on January 8, 2016. Shortly afterward, the Court granted a joint motion by the parties to stay all proceedings in the district court until the appeal to the Fifth Circuit was resolved.

The appeal, which is still ongoing, is confined to the issue of whether Defendants are entitled to dismissal of Plaintiffs' antitrust claim under the doctrine of state-action immunity. Defendants filed their opening brief with the Fifth Circuit on June 17, 2016; Plaintiffs' brief is due on August 19, 2016.

Shortly after Defendants filed their opening brief, an issue was raised that brought the parties back to this Court. In an amicus brief filed June 27, 2016, the American Antitrust Institute argued that the Fifth Circuit lacks jurisdiction to hear the appeal. In their opening brief, Defendants asserted that appellate jurisdiction exists under the collateral-order doctrine; however, in order to "reduce the number of issues for appeal," Defendants filed a motion in this Court requesting that it "creat[e] a second, independent basis for appellate jurisdiction." (Defs.' Mot. to Cert. Order for App. at ¶¶ 3–4; Dkt. 90.) While maintaining that they are entitled to an interlocutory appeal under the collateral-order doctrine, Defendants now request that this Court certify its order for appeal under 28 U.S.C. § 1292(b) so that the issue of whether Defendants are entitled to state-action immunity can be considered by the Fifth Circuit. Plaintiffs oppose certification, arguing that Defendants' motion is untimely, procedurally improper, and that Defendants have not established that they are entitled to certification.

## II. JURISDICTION

The filing of the notice of appeal on the immunity defense "divests the district court of its control over those aspects of the case involved in the appeal." *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Federal Rule of Civil Procedure 62.1 outlines when a district court may entertain a motion for relief that is otherwise barred by a pending appeal:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1. Defendants have a pending appeal in this case, and Defendants' motion to certify relates to the same issues of immunity as the pending appeal. Thus, pursuant to Federal Rule of Civil Procedure 62.1, the Court may consider and deny Defendants' motion for certification under 28 U.S.C. § 1292(b), or instead, it may indicate that Defendants' motion raises a substantial issue or that it intends to grant the motion to allow Defendants to request a remand.

## III. ANALYSIS

28 U.S.C. § 1292(b) governs when a district court may certify an interlocutory order for appeal. It allows for the court to do so where the order (1) "involves a controlling question of law," (2) as to which "there is substantial ground for difference of opinion" and where (3) "an immediate

appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the district court certifies an appeal pursuant to 28 U.S.C. § 1292(b) the Court of Appeals "may . . . in its discretion, permit an appeal to be taken . . . if application is made to it within ten days after the entry of the order." *Id.*

Section 1292(b) is a "narrow exception" to the traditional rule that appeals may only be made after final judgment, *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014), and relief under it is granted only in "exceptional cases," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotations omitted). Further, both the district court's decision to certify an order for appeal and the court of appeals' decision to accept the appeal are discretionary. *See U.S. v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011); *see also* 28 U.S.C. § 1292(b) ("The Court of Appeals . . . may . . . in its discretion, permit an appeal to be taken."); S. Rep. No. 85–2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257 ("[T]he appeal is discretionary rather than a matter of right. It is discretionary in the first instance with the district judge. . . .").

In addition to the three statutory requirements for certification under § 1292(b), Plaintiffs argue that certification requests should only be granted if they are timely. Plaintiffs assert that Defendants' request, which was filed nearly seven months after entry of the interlocutory order Defendants now seek to certify, is extremely untimely.

While 28 U.S.C. § 1292(b) provides a deadline by which a party must apply to the court of appeals for permission to appeal a certified interlocutory order, it does not set a deadline for parties to move for certification of an order by the district court. District courts across the country have, however, exercised their discretion to deny motions for certification deemed untimely. *E.g., Oasis Research, LLC v. EMC Corp.*, No. 4:10-CV-435, 2015 WL 5318119, at *4 (E.D. Tex. Sept. 11, 2015) (denying motion for certification as untimely when it was filed one day before defendants' production deadline and seven weeks before trial was scheduled to begin); *Franklin v. Gen. Trucking*

4

*LLC, No. CIVIL 07-5002*, 2008 WL 4531779, at *2 (W.D. Ark. Oct. 8, 2008) (denying motion for certification after "litigation continued" during a "lengthy" four month delay); *Green v. City of New York*, No. 05 CV 0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying motion for certification due to "defendants' more than two-month delay in requesting certification"); *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-Civ, 2001 WL 883303, at *1 (S.D. Fla. Jan. 29, 2001) (denying motion for certification as untimely where "[d]efendants waited forty-six days after the filing of the [interlocutory order]"); *Ferraro v. Sec'y of U.S. Dep't of Health & Hum Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying motion for certification after "plaintiff's two and a half month delay"); *Morton Coll. Bd. of Trustees v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (denying motion for certification as untimely when it was filed 30 days after the interlocutory order); *see also Abbey v. United States*, 89 Fed. Cl. 425, 432 (Ct. Fed. Cl. 2009) (reviewing case law discussing timeliness of motions for certification under § 1292(b) and denying a motion filed ten months after interlocutory order).

Further, the Seventh Circuit has repeatedly stated that whether or not a motion for certification was timely filed is a threshold question for a district court in deciding whether to certify an interlocutory order. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (Posner, C.J.) (stating that "[t]here is also a nonstatutory requirement" for certification under § 1292(b) that "the petition . . . be filed in the district court within a reasonable time after the order sought to be appealed"); *Richardson Elecs., Ltd. v. Panache Bd. of Penn., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) ("[A] district judge should not grant an inexcusably dilatory request" for certification."); *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (suggesting that district court abused its discretion in certifying an interlocutory order where "[n]either the parties nor the district judge . . . presented any reason for the delay in certification").

Defendants counter that "the Fifth Circuit views the only time limit here as the 10-day window to take a district court's certification to the appellate court." (Defs.' Reply at ¶ 16; Dkt. 93.) In support of that argument, Defendants cite three cases—two in which the Fifth Circuit endorsed the district court's ability to recertify orders for appeal after a party initially failed to petition for leave to appeal within their ten-day window after an initial certification, *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. Unit A 1981); *Aucoin v. Matador Servs., Inc.*, 749 F.2d 1180, 1181 (5th Cir. 1985), and another in which the Fifth Circuit accepted without comment a certification entered after the case was reassigned to a new district court judge, *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 612 F.3d 383, 385–86 (5th Cir. 2010). These cases do indicate that there is no hard deadline by which an interlocutory order must be certified for appeal, and more specifically, that the court of appeals' jurisdiction is not affected by the length of time between the entry of the initial interlocutory order and the entry of the certification order. But none of these cases preclude a district courts' consideration of the timeliness of a motion to certify an interlocutory order. In fact, in *Aparicio v. Swan Lake*, the Fifth Circuit indicated that it would be appropriate for the district court to consider timeliness in deciding whether to certify an interlocutory order. 643 F.2d at 112 ("Of course, in reconsidering the certification issue, the district court . . . may guard against delinquency by refusing to reenter the original order.").

Accordingly, the Court concludes that it should consider the timeliness and procedural posture of a case in deciding whether or not to grant a motion for certification under § 1292(b), and that Defendants' motion must be denied as untimely.

This Court's interlocutory order denying Defendants' motion to dismiss was entered December 14, 2015, yet Defendants did not seek certification from this Court to appeal that order until six months and twenty-two days had passed. Regardless of exactly how many days Defendants delayed in seeking certification or the interlocutory order, however, it is the procedural posture of

6

this case that compels the Court to deny Defendants' motion. Defendants have already appealed the Court's December 14th Order, requested and received three extensions of time in that appeal, and filed their opening brief with the Fifth Circuit.

Presumably, Plaintiffs are in the midst of drafting their response, which is due August 19, 2016. One of the issues Plaintiffs may very well be planning to address in their briefing is whether the Fifth Circuit has jurisdiction to hear Defendants' appeal under the collateral-order doctrine.[1] The filing of Defendants' motion for certification in the middle of Plaintiffs' briefing window, alone, arguably places some burden on Plaintiffs, who must decide whether or not to address that issue while uncertainty exists as to whether an independent basis for appeal will be created. What's more, that uncertainty—and the burden it creates—can only be eliminated by the denial of Defendants' motion. If this Court indicates that it would grant Defendants' motion, it would still be unclear whether an independent basis for jurisdiction would be created. Defendants would still need to request a remand from the Fifth Circuit pursuant to Federal Rule of Civil Procedure 62.1 so that this Court could have jurisdiction to grant the motion to certify. Defendants would then need to request permission to appeal the certified order from the Fifth Circuit, and the Fifth Circuit would still need to grant it. See 28 U.S.C. § 1292(b).

Further, even if the Fifth Circuit granted the request for remand, and later accepted an appeal of the December 14th Order under § 1292(b), it is unclear how that independent basis for appeal would affect the existing appeal. Importantly, "[u]nder § 1292(b), it is the order, not the question, that is appealable." *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398 (5th Cir. 2010). Thus, courts of appeals may address issues outside those identified by the district court as controlling. *See id.* 398–99; *Ducre v. Executive Officers of Halter Marine, Inc.*, 752 F.2d 976, 983 n. 16 (5th Cir. 1985) ("[T]he appellate court may address all issues material to the order and is not limited to

---

[1] To be clear, the Court has not considered the issue of whether an independent basis for appeal under the collateral-order doctrine exists, and does not intend to imply that one does or does not exist.

consideration of the 'controlling question.'"). Even if this Court were to only identify the issue of state-action immunity as controlling, as Defendants request, the Fifth Circuit's jurisdiction under § 1292(b) could be broader than that single issue, and thus broader than any existing jurisdiction it may have under the collateral-order doctrine in the pending appeal.

The timing of Defendants' motion raises problematic procedural and jurisdictional questions. If this Court indicated that it would grant the motion for certification, might Plaintiffs still need to file their response brief in the pending appeal if the Fifth Circuit had not yet made a decision regarding whether it would remand? If certification was ultimately granted by the Fifth Circuit, would the parties start their briefing over? After certification, would the parties be able to raise issues outside of state-action immunity within the appeal? In short, the procedural posture of this case—in the middle of appellate briefing—warrants the denial of Defendants' motion.

Finally, the Court finds that there is no good excuse for Defendants' delay in seeking certification. Defendants argue that an amicus curiae brief "questioned, for the first time in this case, the applicability of jurisdiction under the collateral-order doctrine." (Defs.' Reply at ¶ 18.) But the Defendants certainly understood that the Fifth Circuit's jurisdiction over their appeal was necessary long before that amicus curiae brief was filed; the brief did not create the jurisdictional question. And Defendants accepted the risk that the collateral-order doctrine might not serve as an adequate basis for jurisdiction when they filed their notice of appeal without first seeking certification from this Court under § 1292(b). Defendants now seek insurance against a risk that was identifiable, albeit not as well-articulated, months ago. This is not a sufficient reason for this Court to enable the disruption of an already ongoing appeal.

The Court appreciates Defendants' argument that appellate review of the antitrust-immunity review might be beneficial, and if the procedural posture of the case were different or if a good justification for delay existed, the Court might be more willing to entertain Defendants' motion. In

light of the circumstances of this case, however, the Court must deny Defendants' motion for certification.

### III. CONCLUSION

In light of the foregoing, the Court **DENIES** Defendants' Motion to Certify Order for Appeal (Dkt. 90).

**SIGNED** on August 15, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE